IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

James L. Williams,                         )
                                           )     Civil Action No. 8:13-cv-01563-JMC
                    Plaintiff,             )
                                           )
        v.                                 )     **ORDER AND OPINION**
                                           )
Carolyn W. Colvin, Acting Commissioner     )
of the Social Security Administration,     )
                                           )
                    Defendant.             )
_____)

Plaintiff James L. Williams ("Plaintiff") filed this action seeking judicial review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner") pursuant to 42 U.S.C. § 405(g).  (ECF No. 1.)  This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Jacquelyn D. Austin, issued in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(a) D.S.C. (ECF No. 23).

The Magistrate Judge recommended affirming the Commissioner's final decision denying Plaintiff's claim for Disability Insurance Benefits ("DIB").  (*Id.* at 24.)  Plaintiff timely filed objections to the Magistrate Judge's recommendation.  (ECF No. 25.)  For the reasons set forth herein, the court **ACCEPTS IN PART AND REJECTS IN PART** the Magistrate Judge's Report and Recommendation and **REVERSES** the final decision of the Commissioner denying Plaintiff's claim for DIB pursuant to sentence four (4) of 42 U.S.C. § 405(g) and **REMANDS** the case to the Commissioner for further proceedings consistent with this decision.

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

A thorough recitation of the relevant factual and procedural background of this matter is discussed in the Report and Recommendation.  (*See* ECF No. 23.)  The court concludes, upon its

own careful review of the record, that the Magistrate Judge's factual and procedural summation is accurate and incorporates it by reference. The court will only reference herein facts pertinent to the analysis of Plaintiff's claims.

Plaintiff was born on February 21, 1965, and is presently 50 years old. (ECF No. 15-5 at 2.) On April 28, 2010, Plaintiff filed an application for DIB, alleging a disability onset date of November 12, 2009, due to severe impairments of bilateral L4-5 foraminal stenosis and mild bilateral facet arthropathy, bilateral knee replacement, severe low back pain with severe pain radiating down the left leg. (ECF Nos. 17-5 at 2; 17-6 at 62.) Plaintiff's claim was denied on August 6, 2010, and again on reconsideration on October 26, 2010. (ECF No. 17-4 at 2-5, 7-13.) On August 23, 2011, Plaintiff had a video hearing before an Administrative Law Judge ("ALJ"), who found on October 7, 2011, that Plaintiff was not disabled under §§ 216(i) and 223(d) of the Social Security Act. (ECF No. 17-2 at 23, 30.) Thereafter, the Appeals Council denied Plaintiff's request for review on April 18, 2013. (*Id.* at 2-8.)

Subsequently, on June 8, 2013, Plaintiff commenced this action in the United States District Court for the District of South Carolina pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the Commissioner's final decision denying Plaintiff's claim for DIB. (ECF No. 1.) On September 3, 2014, the Magistrate Judge issued her recommendation that the Commissioner's final decision denying Plaintiff's claim for DIB be affirmed. (ECF No. 23.) In the Report and Recommendation, the Magistrate Judge found that because the vocational expert ("VE") "did not address the conflict with respect to Plaintiff's ability to perform the jobs of surveillance system monitor and call out operator, both requiring a reasoning level 3, while Plaintiff was limited to simple, routine, and repetitive work, the Court finds the ALJ improperly relied on the VE testimony with respect to these two jobs." (*Id.* at 21.) Regarding the third and

2

final job the VE testified Plaintiff could perform, touch-up screener or printed circuit board assembler, the Magistrate Judge disagreed with Plaintiff's argument that the VE failed to explain how that job, which requires frequent handling, is consistent with Plaintiff's limitation of operating push or pull controls occasionally bilaterally with upper extremities. (*Id.* at 22.) "[T]here is no conflict between the SOC [the U.S. Department of Labor Selected Characteristics of Occupation ('SOC')] and the VE's testimony causing the ALJ to have needed to elicit an explanation, and the ALJ's determination regarding Plaintiff's ability to perform the job of printed circuit board assembler is supported by substantial evidence." (*Id.* at 24.)

Plaintiff timely filed his objections to the Magistrate Judge's recommendation on September 22, 2014. (ECF No. 25.) The Commissioner filed a response to Plaintiff's objections on October 9, 2014. (ECF No. 27.)

## II. LEGAL STANDARD AND ANALYSIS

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber,* 423 U.S. 261, 270-71 (1976). The court reviews *de novo* only those portions of a Magistrate Judge's Report and Recommendation to which specific objections are filed, and reviews those portions which are not objected to—including those portions to which only "general and conclusory" objections have been made—for clear error. *Diamond v. Colonial Life & Acc. Ins. Co.,* 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis,* 718 F.2d 198, 200 (4th Cir. 1983); *Orpiano v. Johnson,* 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze,* 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *See Vitek v. Finch,* 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *See Blalock v. Richardson,* 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen,* 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek,* 438 F.2d at 1157–58.

## A. Surveillance System Monitor and Call Out Operator

Plaintiff makes no objection to the Magistrate Judge's finding that the ALJ improperly relied on the VE's testimony with respect to the surveillance system monitor and call out operator jobs. In the absence of objections to the Magistrate Judge's Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby,* 718 F.2d at 199. Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond,* 416 F.3d at 315. Furthermore,

failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the district court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn,* 474 U.S. 140 (1985); *Wright v. Collins,* 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce,* 727 F.2d 91 (4th Cir. 1984). The court finds no clear error and adopts the Magistrate Judge's finding that the ALJ improperly relied on the VE's testimony with regard to these two jobs.

**B. Touch-Up Screener or Printed Circuit Board Assembler**

Plaintiff's sole objection is to the Magistrate Judge's finding with regard to the sole remaining job, touch-up screener or printed circuit board assembler. (ECF No. 25 at 1.) Plaintiff argues it was improper for the Magistrate Judge to let the ALJ's decision stand when the ALJ improperly relied on the VE's testimony. (*Id.*) Plaintiff asserts, "there was a potential conflict between the vocational expert's testimony and the DOT [U.S. Department of Labor Dictionary of Occupational Titles ('DOT')] and SCO." (*Id.* at 2.)

"When there is an apparent unresolved conflict between VE or VS [vocational specialist] evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE or VS evidence to support a determination or decision about whether the claimant is disabled. … The adjudicator must resolve the conflict by determining if the explanation given by the VE or VS is reasonable and provides a basis for relying on the VE or VS testimony rather than on the DOT information." Social Security Ruling 00-4p.

Although Defendant and the Magistrate Judge assert there was no conflict for the VE to explain, asserting "handling" is not the same as "pushing or pulling," Plaintiff demonstrates that the definitions are not entirely clear. As Plaintiff notes, there is no official definition in the DOT or SCO of pushing or pulling. (ECF No. 25 at 4.) Common sense, Plaintiff urges, would define

pulling as "reaching plus handling" and pushing as "reaching, outward with force, often with handling." (*Id.*)  The distinction between "pushing and pulling" and "reaching plus handling," Defendant argues, is a requirement of force to push or pull.  (ECF No. 27 at 2.)  Defendant notes that pushing and pulling are categorized in the DOT and SCO under "strength" physical demands, whereas reaching and handling are not.  (*Id.*)  However, when placing the limitation on Plaintiff's ability to push or pull, the ALJ did not specify why such limitation was made.  If the restriction was made due to a strength limitation, Defendant has the stronger argument.  However, if the restriction was based on other rationale, Plaintiff's argument potentially has merit.  Without a clear explanation of the ALJ's reasoning behind the restriction, the distinction between these terms in this scenario, and the potential ability of Plaintiff to perform this task, is unclear.

It is also worth noting that Defendant argued, "[w]hile a limitation in the ability to reach, handle, or finger could conceivably affect the ability to operate push or pull controls, it does not follow that a limitation in the ability to operate push or pull controls—which is specific to the 'strength' physical demand—*necessarily* implies attendant limitations in reaching, handling, or fingering, which are addressed in their own categories."  (ECF No. 20 at 13-4 (emphasis added).)  Indeed, push and pull limitations do not *necessarily* equate to limitations in reaching, handling, or fingering, however, as Defendant seems to concede, such a limitation may be appropriate in some circumstances.  As such, further explanation from the VE of the requirements of a touch-up screener or printed circuit board assembler in relation to Plaintiff's limitations is necessary for the ALJ to properly explain and clarify his decision, particularly in light of the discussion above, which leaves this position as the only remaining option for Plaintiff.

Remand under sentence four (4) of 42 U.S.C. § 405(g) is appropriate to get clarity from an ALJ regarding his findings. *See Smith v. Heckler,* 782 F.2d 1176, 1181-82 (4th Cir. 1986). As such, this case is remanded for further proceedings to gain clarity on this point.

### III. CONCLUSION

Upon careful consideration of the entire record, the court **ACCEPTS IN PART AND REJECTS IN PART** the Report of the Magistrate Judge (ECF No. 23), incorporating it by reference, and **REVERSES** the final decision of the Commissioner denying Plaintiff's claim for Disability Insurance Benefits pursuant to sentence four (4) of 42 U.S.C. § 405(g) and **REMANDS** the case to the Commissioner for further proceedings consistent with this decision.

**IT IS SO ORDERED.**

J. Michelle Childs

United States District Judge

March 27, 2015
Columbia, South Carolina