IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Jamie Williams, a/k/a James L. Williams, | ) | |
| | ) | Civil Action No. 8:13-cv-01563-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Carolyn W. Colvin, Acting Commissioner of Social Security Administration, | ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court on Plaintiff Jamie Williams' ("Plaintiff") Motion for Attorney's Fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (ECF No. 30.) The Commissioner opposes the motion on the ground that her position in this case was substantially justified. (ECF No. 31.) For the reasons that follow, the court **DENIES** the Motion for Attorney's Fees (ECF No. 30).

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

In April 2010, Plaintiff filed an application for Disability Insurance Benefits ("DIB") due to severe impairments of bilateral L4-5 foraminal stenosis and mild bilateral facet arthropathy, bilateral knee replacement, severe low back pain with severe pain radiating down the left leg. (ECF No. 17-5 at 2; ECF No. 17-6 at 62.) Plaintiff's application was denied initially and upon reconsideration. (ECF No. 17-4 at 2-5, 7-13.) After Plaintiff requested an administrative hearing, an Administrative Law Judge ("ALJ") found that Plaintiff was not under a disability as defined by the Social Security Act. (ECF No. 17-2 at 23, 30.) Relevant here, the ALJ found that Plaintiff's "use of upper extremities to operate push or pull controls is limited as follows: occasionally bilaterally." (*Id.* at 26). Relying on the testimony of a vocational expert ("VE"), the ALJ also

1

determined that Plaintiff had the residual functional capacity ("RFC") to perform the job of a touch-up screener or printed circuit board assembler (the "job"). (*Id.* at 29.) Because of Plaintiff's RFC to perform the job, the ALJ determined that Plaintiff was not disabled.[1] (*Id.* at 30.) Thereafter, the Appeals Council denied Plaintiff's request for review. (*Id.* at 2-8.)

In June 2013, Plaintiff commenced the instant action in federal district court to obtain judicial review of the Commissioner's final decision denying Plaintiff's claim for DIB. (ECF No. 1.) Among other things, Plaintiff argued that, under the definitions provided by the *Selected Characteristics of Occupations* ("SCO"), published by the Department of Labor, the job required frequent handling, which, he argued, conflicted with the ALJ's finding that Plaintiff was limited to only occasionally bilaterally operating push or pull controls with the upper extremities. (*See* ECF No. 19 at 21-23 (citing Dep't of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* 201 (1993)).) In Plaintiff's view, the VE necessarily incorporated the SCO definition of the job when he testified that Plaintiff could perform the job. According to Social Security Administration regulations:

> When there is an apparent unresolved conflict between VE or [vocational specialist ("VS")] evidence and the [*Dictionary of Occupational Titles* ("DOT")], the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE or VS evidence to support a determination or decision about whether the claimant is disabled. . . . The adjudicator must resolve the conflict by determining if the explanation given by the VE or VS is reasonable and provides a basis for relying on the VE or VS testimony rather than on the DOT information.

---

[1] The ALJ also found that Plaintiff could perform two other jobs and relied on this finding in determining that Plaintiff was not disabled. (*See* ECF No. 17-2 at 29.) The Magistrate Judge determined that this finding was in error (ECF No. 23 at 21), and the court adopted this determination (ECF No. 28 at 4-5).

Social Security Ruling 00-4p.[2] The Magistrate Judge rejected Plaintiff's argument, finding that "there is no conflict between the SCO and the VE's testimony causing the ALJ to have needed to elicit an explanation, and the ALJ's determination regarding Plaintiff's ability to perform the job . . . is supported by substantial evidence." (ECF No. 23 at 24.) Accordingly, on September 3, 2014, the Magistrate Judge issued her recommendation that the Commissioner's final decision denying Plaintiff's claim for DIB be affirmed. (*Id.*) Plaintiff timely filed objections (ECF No. 25).

Reviewing the Report and Recommendation, the court could not reach the same conclusion as the Magistrate Judge that no conflict existed. In the court's estimation, it was "not entirely clear" whether "frequent handling" would include tasks that go beyond "occasionally pushing or pulling," in part, because the DOT and the SCO do not define pushing or pulling. (ECF No. 28 at 5-6.) Creating more uncertainty as to whether a conflict existed, the court could not discern why the ALJ had included the limitation of occasional pushing and pulling, explaining that

> [i]f the restriction was made due to a strength limitation, [the Commissioner] has the stronger argument. However, if the restriction was based on other rationale, Plaintiff's argument potentially has merit. Without a clear explanation of the ALJ's reasoning behind the restriction, the distinction between these terms in this scenario, and the potential ability of Plaintiff to perform this task, is unclear.
>
> . . . . [P]ush and pull limitations do not *necessarily* equate to limitations in reaching, handling, or fingering, however, . . . such a limitation may be appropriate in some circumstances. As such, further explanation from the VE of the requirements of [the job] in relation to Plaintiff's limitations is necessary for the ALJ to properly explain and clarify his decision.

(*Id.* at 6.) Accordingly the court rejected in part the Report and Recommendation, reversed the Commissioner's decision, and remanded the case to the Commissioner "to get clarity from an ALJ regarding his findings." (*Id.* at 7.)

---

[2] For purposes of this rule, the DOT includes SCO definitions. *See* Social Security Ruling 00-4p.

On June 25, 2015, Plaintiff filed the instant Motion for Attorney's Fees under the EAJA, contending that the Commissioner's position was not substantially justified. (ECF No. 30; *see* ECF No. 30-6 at 8-9.) In response, the Commissioner argues that her position was substantially justified, explaining that the absence of substantial evidence does not equate to the absence of substantial justification, noting that the Magistrate Judge recommended affirming her decision, and observing that the ALJ's limitation was not clearly in conflict with the VE's testimony and may be found not to be so on remand. (*See* ECF No. 31.) In reply, Plaintiff contends that the conflict between the ALJ's limitation and the VE's testimony was apparent and that the Commissioner's arguments ignore Social Security Ruling 00-4p and well-settled case law in this jurisdiction and, thus, cannot be substantially justified (ECF No. 32 at 1-3). He also emphasizes that "[t]he question is whether or not the Commissioner's position regarding the ALJ's failure to resolve a potential conflict was substantially justified." (*Id.* at 4.)

## II. LEGAL STANDARD AND ANALYSIS

"A party who prevails in litigation against the United States is entitled to EAJA attorneys' fees upon timely petition for them if the government's position was not substantially justified and no special circumstances make an award unjust." *Thompson v. Sullivan*, 980 F.2d 280, 281 (4th Cir. 1992) (internal quotation marks omitted). The Commissioner has the burden of demonstrating substantial justification in both fact and law. *Meyer v. Colvin*, 754 F.3d 251, 255 (4th Cir. 2014). "[T]he test of whether or not a government action is substantially justified is essentially one of reasonableness." *Smith v. Heckler*, 739 F.2d 144, 146 (4th Cir. 1984) (internal quotation marks omitted). If the Commissioner's position is based on an arguably defensible administrative record, then it is substantially justified. *Crawford v. Sullivan*, 935 F.2d 655, 658 (4th Cir. 1991). The Commissioner's position may be justified even though it is incorrect and may be substantially

justified if a reasonable person could believe the government's position was appropriate. *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988); *Meyer*, 754 F.3d at 255.

As an initial matter, the court notes that the Magistrate Judge's recommendation that the Commissioner's decision be affirmed is not dispositive. *See Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004) (disapproving "overemphas[is]" of the "fact that the ALJ's decision was adopted by the Magistrate Judge"); *McKoy v. Colvin*, No. 4:12-cv-1663-CMC-TER, 2013 WL 6780585, at *3 (D.S.C. Dec. 19, 2013) (explaining that Magistrate Judge's recommendation to affirm is "not determinative" of substantial justifiability). The court agrees with the Commissioner, however, that the Magistrate Judge's recommended affirmance is a factor that, to some extent, should weigh in the Commissioner's favor. *See McKoy*, No. 4:12-cv-1663-CMC-TER, at *3 ("While not determinative, the fact that the Magistrate Judge recommended that the Commissioner's decision be affirmed suggests that the Commissioner's decision was substantially justified."). Aside from the Magistrate Judge's recommendation in favor of the Commissioner, the court finds the Commissioner's position was substantially justified for other reasons.

First, to the extent Plaintiff argues that the Commissioner's position is not substantially justified on the basis that a conflict existed between the SCO's definition and the VE's testimony, the court rejects this argument. Likely, if the court had found that such an apparent unresolved conflict existed, the Commissioner's position would not be substantially justified, because there is well-established law that, in the face of a clear conflict, the ALJ has a duty to elicit a reasonable explanation for the conflict before relying on the VE's testimony, which did not occur here. *See Brown v. Colvin*, No. 4:12-cv-2311-DCN, 2015 WL 6745986, at *2-3 (D.S.C. Nov. 4, 2015) (collecting cases). However, the court did not find that an apparent conflict existed, which the ALJ failed to resolve; rather, the court found that it could not discern whether or not a conflict existed

5

because of the lack of clarity in both the SCO's definitions and the ALJ's limitation. The court's analysis confirms this reasoning: remand was necessary not for the ALJ to resolve a clear conflict but for the ALJ to determine, in the first instance, whether a conflict exists. In the court's estimation, it remains possible for the ALJ to determine that no conflict exists, depending on the definitions of pushing and pulling as they relate to the SCO and the basis for the ALJ's limitation. Because it was not clear whether a conflict existed, the Commissioner was substantially justified in arguing that Social Security Ruling 00-4p's mandate that the ALJ elicit a reasonable explanation for the conflict from the VE did not apply here.

Second, to the extent Plaintiff argues that the Commissioner's position was not substantially justified on the basis that the ALJ failed to inquire whether a conflict existed, the court rejects this argument too. Pursuant to regulations, "as part of the [ALJ's] duty to fully develop the record, the [ALJ] will inquire, on the record, as to whether or not there is such consistency" between the VE's testimony and the SCO's definitions. Social Security Ruling 00-4p. Notably, it does not appear that Plaintiff argued that the ALJ failed in this regard either before the ALJ or before the Magistrate Judge or the undersigned. (*See* ECF No. 17-2 at 63; ECF No. 19 at 21-23; ECF No. 21 at 6-9; ECF No. 25 at 2-6). Moreover, because no conflict was apparent and because the ALJ inquired as to whether the VE's testimony was consistent with the DOT (*see* ECF No. 17-2 at 57, 59, 63) and specifically referred to Social Security Ruling 00-4p's mandates (*see id.* at 30), it appears unlikely that Plaintiff would have succeeded on such an argument, *see Allen v. Comm'r of Soc. Sec. Admin.*, No. 8:13-cv-03477-TLW, 2015 WL 5315941, at *17-18 (D.S.C. Sept. 9, 2015); *Yurek v. Astrue*, No. 5:08-cv-500-FL, 2010 WL 1779938, at *3 (W.D.N.C. Feb. 4, 2010), *adopted by* 2010 WL 1779934 (W.D.N.C. May 3, 2010). Because the issue was never raised by Plaintiff and because the Commissioner was likely to prevail on the issue in any event, it was

reasonable for the Commissioner to defend the ALJ's decision despite the potential that a conflict existed.

Third, the Commissioner was substantially justified in arguing that remand was not necessary when there only existed a non-apparent, potential conflict existed based on an issue of first impression regarding the construction of undefined terms in the SCO in relation to a limitation imposed by the ALJ. Plaintiff did not cite, and the court is unaware of, any authority stating or suggesting that "frequent handling" would include tasks that go beyond "occasionally pushing or pulling." Indeed, the rationale behind the court's decision to remand was that the ALJ should make such a determination in the first instance because, although it is possible that frequent handling *might* include tasks that go beyond occasionally pushing or pulling, it is equally possible that it *might not*. For this reason, it is possible that the court might have concluded that the ALJ's limitation, the VE's testimony, and the SCO definitions were all consistent. The Commissioner's position that the court should conclude that no conflict existed was therefore defensible and substantially justified. *See Yurek*, 2010 WL 1779938, at *5.

In sum, the court can say it no better than the Magistrate Judge in *Yurek*:

> Simply put, the ALJ ensured that the administrative proceedings were conducted at the final sequential level in a manner satisfying the basic requirements of the Commissioner's regulations, including S.S.R. 00–4p, as those requirements have been applied in the decisional authority of the Fourth Circuit. The decision to remand the case was not the result of the ALJ's disregard of S.S.R. 00–4p or an intentional misapplication of this regulation to the specific facts of the case. Nor was the decision to remand the result of the ALJ's substantially unjustified position on the facts. Rather, remand was the result of Plaintiff's identification of a discrepancy between the VE's testimony and the DOT subsequent to the administrative hearing and raised in this Court as an issue of first impression. Given the Court had no authority to reconcile the discrepancy raised by Plaintiff and could not substitute its own vocational judgment as to whether Plaintiff could perform the jobs identified by the VE, remand to the ALJ was necessary . . . .
>
> . . . .

7

> . . . . [T]he novelty of the question within the Fourth Circuit weighs in the government's favor when analyzing the reasonableness of the government's litigation position. During the course of the underlying litigation, there was no Fourth Circuit precedent on the issue of whether [the] limitation . . . conflicted with the DOT . . . . In fact, at the time of the underlying action, case law within this Circuit bearing directly on the issue of what [relevant definitions] under the DOT correspond to [the] limitation . . . was sparse (and remains so).
>
> At the time of the underlying action, neither the Fourth Circuit nor this district had considered whether [the] limitation . . . is inconsistent with [the DOT definition], thereby requiring the ALJ to elicit an explanation from the VE. . . . Accordingly, under the "totality of the circumstances" the administrative record was arguably defensible and the government's position was therefore substantially justified as regards this issue.

*Id.* at *4-5.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Attorney's Fees (ECF No. 30) is **DENIED**.

**IT IS SO ORDERED**.

*J. Michelle Childs*

United States District Court Judge

Columbia, South Carolina
January 13, 2017

8